IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| NICHOLAS BARNARD, | NO. |
| Plaintiffs, | |
| vs. | **SUMMONS** |
| COLUMBIA DEBT RECOVERY, LLC dba GENESIS CREDIT MANAGEMENT, LLC | |
| Defendant. | |

**TO THE DEFENDANT:** COLUMBIA DEBT RECOVERY:

A lawsuit has been started against you in the above-entitled court by the Plaintiff.  This claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days (in state) or sixty (60) days (out of state) after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where a plaintiff is entitled to what has been asked for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to a notice before a default judgment may be entered.

Summons - 1

**ANDERSON|SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1    If you wish to seek the advice of an attorney on this matter, you should do so promptly so that

2    your written response, if any, may be served on time.

3        THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

4    State of Washington.

5

6        Respectfully submitted this 24th day of April, 2020.

7

8                                  ANDERSON SANTIAGO, PLLC

9                              By:

10                                 T. Tyler Santiago, WSBA No. 46004
                                   Jason D. Anderson, WSBA No. 38014
11                                 Attorneys for Plaintiff
                                   787 Maynard Ave. S.
12                                 Seattle, WA 98104
                                   (206) 395-2665
13                                 (206) 395-2719 (fax)

14

15

16

17

18

19

20

21

22

23

Summons - 2

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

9

NICHOLAS BARNARD,

      NO.

10

         Plaintiff,

**COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ.**

11

  vs.

12

COLUMBIA DEBT RECOVERY, LLC dba GENESIS CREDIT

13

MANAGEMENT, LLC

14

        Defendant.

15

16

COME NOW Plaintiff, Nicholas Barnard, by and through counsel, who alleges:

17

## I.    PARTIES AND JURISDICTION

18

1.    Plaintiff Nicholas Barnard is an individual who resides in Washington State.

19

2.    Defendant COLUMBIA DEBT RECOVERY, LLC dba GENESIS CREDIT

20

MANAGEMENT, LLC ("CDR"), a Washington Limited Liability Company, UBI #604-074-

21

740, is a debt collector and collection agency doing business in Washington, and who repeatedly

22

attempted to collect an alleged debt from the Plaintiff. CDR's registered agent is Rowland

23

Avenue Management, 906 SE Everett Mall Way Suite 301, Everett, WA 98208-3744.

Complaint - 1

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

3.     Jurisdiction over Defendant is proper as Defendant is doing business in Washington State and venue is appropriate in King County, Washington.

## II.     FACTS

4.     In March 2015, Plaintiff Nicholas Barnard rented an apartment from Clocktower Apartment Homes ("Clocktower") at 13725 32nd Ave. NE, Seattle, WA, 95125.

5.     In 2017, Mr. Barnard signed a new fixed-term lease agreement, which terminated at the end of March 2018.

6.     In January 2018, Mr. Barnard was having financial difficulties, which made continued payment of rent at Clocktower impracticable.  Additionally, Clocktower management had engaged in excessive entry into his apartment for several months, which made his living situation extremely uncomfortable.

7.     He did the most responsible thing that he could do in his situation and gave Clocktower notice that his last day would be February 1, 2018.  He provided notice by letter on or about January 29, 2018.  A true and correct copy of his notice is attached as **Exhibit A**.

8.     Mr. Barnard knew that he might owe money for moving out early, but he had no choice due to his uncertain financial status.  To give Clocktower the opportunity to rent the unit to others, Mr. Barnard moved out early.

9.     He estimated that the fallout may consist of two months' rent, and perhaps some utility charges minus his deposit.

10.     However, shortly after moving out, he received a huge shock when Clocktower sent him a final account statement.  A true and correct copy of the statement is attached as **Exhibit B**.

11.     The most glaring issue with the final account statement was that Clocktower was

Complaint - 2

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

1    assessing a $1,385.00 "insufficient 20-day notice" fee, when Mr. Barnard had given Clocktower

2    over two months' notice.  The document itself accounted for this advanced notice.

3         12.    Mr. Barnard also took issue with the $1,343.85 in cleaning fees, carpet

4    replacement, and damage repair as he had cleaned the apartment before he left.  Additionally, he

5    had lived there for nearly three years, and nothing was damaged beyond normal wear and tear

6    upon moving out.

7         13.    Just a few months after Mr. Barnard moved out of the apartment, he began

8    receiving communications from CDR.  A true and correct copy of a letter he received from CDR

9    in 2018 is attached as **Exhibit C**.  He was not in a financial position to resolve any outstanding

10   issues with the apartment or CDR, especially when the balance was inflated by over $2,700, so

11   he asked CDR to stop contacting him.

12        14.    CDR continued to send letters and e-mails.  On or about March 4, 2020, Mr.

13   Barnard received an e-mail from CDR with an attached letter.  A true and correct copy of the e-

14   mail and its attachment are attached as **Exhibit D**.

15        15.    In March 4, 2020 letter, CDR stated that Mr. Barnard owed $5,636.85 in

16   principal, and $1,414.00 in interest, for a total due of $7,050.85.

17        16.    Just twelve days later on March 16, 2020, CDR sent Mr. Barnard another

18   collection letter, and stated that Mr. Barnard owed $5,636.85 in principal, and $1,406.59 in

19   interest, for a total due of $7,043.44.  A true and correct copy of the e-mail and its attachment are

20   attached as **Exhibit E**.

21        17.    Mr. Barnard was extremely confused, as the amount of interest (having been

22   already calculated on dollar amounts which he did not owe) was _decreasing_, and he knew that

23   the balance was inflated by fees and costs that were obviously inaccurate.  Logically speaking,

Complaint - 3

1   even assuming the principal amount was correct, at least one of the figures for interest is

2   necessarily false (if not both).

3          18.     On March 26, 2020, Mr. Barnard called CDR to start a dialogue about the

4   confusing nature of CDR's collections, and hopefully fix and resolve the issue.  Unfortunately,

5   Mr. Barnard left the call more confused than when he began.

6          19.     First, Mr. Barnard told CDR that he could not owe the $1,385 twenty-day notice

7   fee, because he gave over two months' notice.  CDR's representative's response was to tell Mr.

8   Barnard that he should have just paid the remaining two months of rent when he left, because it

9   "would have been a lot cheaper."

10         20.     The attempted collection of a fee for supposed failure to give notice is obviously

11  uncollectable on its face, and CDR ignored Mr. Barnard's simple explanation.

12         21.     Second, Mr. Barnard asked CDR how he could be charged for cleaning fees,

13  when he had cleaned the apartment before he left.

14         22.     Bizarrely, CDR falsely stated to Mr. Barnard that if he did not have the apartment

15  professionally cleaned, then he would have to pay Clocktower for such cleaning.  No such

16  provision existed.

17         23.     Finally, Mr. Barnard asked CDR about the fluctuating amount of interest.

18         24.     CDR's representative offered to give Mr. Barnard a new number, which would

19  "probably be more accurate."  Despite only ten days passing since CDR's last letter, CDR's

20  representative stated that Mr. Barnard owed an additional $48.15 in interest, for a total of

21  $1,454.74.  The representative offered absolutely no explanation for the fluctuating amount of

22  interest.

23         25.     In fact, four days after Mr. Barnard's call to CDR, on March 30, 2020, he

Complaint - 4

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

received another e-mail from CDR, which again claimed that Mr. Barnard owed $1,046.59 in interest. A true and correct copy of the e-mail is attached as **Exhibit F**.

26.     Then, in almost comic fashion, on April 13, 2020, CDR sent yet another e-mail with the same amount of interest ($1,046.59) allegedly owing. A true and correct copy of the e-mail is attached as **Exhibit G**.

27.     As a result of CDR's actions detailed above, Plaintiff has incurred expenses in seeking and retaining counsel in connection with ascertaining his legal rights and responsibilities, on information and belief, has suffered damaged credit, and has suffered financial uncertainty, unease, and distress caused by the false, improper, and confusing nature of the collection efforts.

28.     Additionally, Mr. Barnard is self-employed, and had to take time away from his business to deal with CDR's collection efforts.

### III.     CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

29.     With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

30.     With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW 19.16.100(7) and Defendant is a collection agency as defined by RCW 19.16.100(4).

31.     For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

### Count 1 (and all subcounts)

32.     A debt collector may not use any false, deceptive, or misleading representation or

Complaint - 5

means in connection with the collection of any debt.  15 U.S.C. § 1692e.  This includes the false representation of the character, amount, or legal status of a debt (§ 1692e(2)), the threat to take any action which cannot be legally taken (§ 1692e(5)); or the use of any false representation or deceptive means to collect or attempt to collect a debt (§ 1692e(10)).

33.     Defendant used false, deceptive, or misleading representations or means in connection with the collection of an alleged debt when it:

    a)  Sent numerous letters demanding amounts not owed (notice fees, cleaning fees, and interest calculated on those fees);

    b)  Represented on a phone call that Mr. Barnard owed money which was not owed;

    c)  Misrepresented the amount of interest owed in numerous letters;

    d)  Sent letters and/or e-mails to Plaintiff which were confusing, misleading, and incorrect;

    e)  Falsely stated that Mr. Barnard would have to pay for cleaning because he "did not hire a professional" to clean the apartment.

34.     Therefore, Defendant violated 15 U.S.C. § 1692e, and/or its subsections, on numerous occasions.

## Count 2 (and all subcounts)

35.     A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. § 1692f.

36.     Plaintiff realleges paragraph 33 *supra*, as constituting unfair and unconscionable means to collect a debt.

37.     In summary, the Defendant therefore violated 15 U.S.C. § 1692f and/or §

Complaint - 6

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

1692f(1) on at least eight (8) occasions.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS**

38.     Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.[1]  *See* RCW 19.16.440.  RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

39.     Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

40.     Even minimal or nominal damages constitute "injury" under the CPA.  *Panag*, 166 Wn.2d at 57.  A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA.  *Id.* (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

**Count 3**

41.     RCW 19.16.250(21) prohibits the collection, or attempted collection, of any amounts in addition to the principal of a claim other than allowable interest, collection costs, or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs.

42.     Here, Defendant demanded money on numerous occasions for amounts that were not owed through letters, e-mails, and phone calls.  This included charges that could not be owed under any circumstance, such as a twenty-day notice fee (when Plaintiff gave notice) and cleaning and repair fees.

43.     Each attempt to collect money from Plaintiff constitutes a separate attempt

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 7

1    amounts obviously not owed.

2        44.    Defendant therefore violated RCW 19.16.250(21) upon each debt collection

3    attempt.

4                                   **Count 4**

5        45.    A collection agency shall not represent or imply that an existing obligation may be

6    increased by the addition of any charges when in fact such charges may not be legally added to the

7    obligation.  RCW 19.16.250(15).

8        46.    Here, CDR calculated interest on a principal that was obviously inflated and

9    demanded that Plaintiff pay that interest on that inflated principal.

10       47.    Additionally, CDR attempted to collect a confusing, fluctuating amount of interest.

11       48.    Defendants therefore violated RCW 19.16.250(15) on numerous occasions.

12                          **Count 5 – Injunctive Relief**

13       49.    A plaintiff may seek injunctive relief for violations of the Consumer Protection

14   Act.  RCW 19.86.090.

15       50.    Plaintiff does seek injunctive relief from this Court which would enjoin

16   Defendants from collecting debts in the manner described above from Plaintiff and any other

17   person similarly situated.  *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

18       51.    Specifically, Plaintiff seeks an injunction prohibiting Defendant from its unlawful

19   collection tactics, including but not limited to demanding money that is not owed, and assessing

20   interest that is not owed.

21       52.    Plaintiff has reason to believe these actions may constitute a pattern and practice

22   of behavior and have impacted other individuals similarly situated.

23       53.    Injunctive relief is necessary to prevent further injury to Plaintiff and to the

Complaint - 8

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

1    Washington public as a whole.

2        54.    Injunctive relief should therefore issue as described herein.

3                        IV.  **PRAYER FOR RELIEF**

4        WHEREFORE, Plaintiff prays:

5        1.    For Judgment against Defendants for actual damages.

6        2.    For statutory damages of $1,000.00, for FDCPA violations.

7        3.    For statutory damages of $2,000.00 per violation, for Washington Collection

8    Agency Act and Consumer Protection Act violations.

9        4.    For treble damages, pursuant to RCW 19.86.090, calculated from the damages

10   determined by the court.

11       5.    For costs and reasonable attorney's fees as determined by the Court pursuant to

12   15 U.S.C. 1692k(a)(3).

13       6.    For injunctive relief pursuant to RCW 19.86.090 as described above.

14

15   Respectfully submitted this 24th day of April, 2020.

16

17                        ANDERSON SANTIAGO, PLLC

18                        By: _____
                          T. Tyler Santiago, WSBA No. 46004
19                        Jason D. Anderson, WSBA No. 38014
                          Attorneys for Plaintiff
20                        787 Maynard Ave. S.
                          Seattle, WA 98104
21                        (206) 395-2665
                          (206) 395-2719 (fax)
22

23

Complaint - 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT A

Nicholas Barnard

██████████████████████

January 29, 2018

Management Office
Clocktower Apartments
13725 32nd Ave NE
Seattle, WA 98125

Re: Notice of intent to vacate

Clocktower Management:

This letter constitutes written notice of my intention to vacate and terminate the
lease of Apartment number B321 at Clocktower Apartments on February 1, 2018
at 4 pm local time.

I do not wish to interact with the unprofessional management staff of Clocktower
Apartments. Therefore, with the exception of one key to apartment B321, I will
leave the keys and gate remotes on the stove top in the kitchen in the
apartment. I will slide the final key for the apartment unit under the door of
apartment B321.

Please note that any future communication to me should be in writing, I will not
respond to communication in person or via telephone. Communication in writing
should be sent via email to clocktower@nickb.users.panix.com or via postal mail
to:
Nicholas Barnard

██████████████████████

I look forward to your prompt attention to this matter and any written
communication you may have.

Regards,

Nicholas Barnard

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# EXHIBIT B

**Clocktower**
13725 32nd Ave NE
Seattle, WA 98125

Nicholas Barnard

## Final account statement - Revised

| Ledger Account at move-out | |
|---|---|
| Early move-out fee | 2,790.00 |
| Sewer Charge | 46.16 |
| Utility Service Fee | 5.00 |
| Water Charge | 19.36 |
| Balance at move-out | 2,860.52 |
| * See the itemized charges for a complete listing of the work. · | |

| Deposit Activities | |
|---|---|
| Move To Deposit Ledger | (99.00) |
| Move To Deposit Ledger | (200.00) |
| Total Deposits on hand | (299.00) |

| Additional charges/credits/payments after move-out | |
|---|---|
| 1/9/18-1/31/18 FINAL WATER USAGE | 46.49 |
| 2X1 CARPET/PAD/PET SEAL WITH 4 YRS LEFT OF CARPT LIFE | 604.85 |
| 2X1 FULL UNIT PAINT/PATCH UP WALL DAMAGE ON CORNERS | 400.00 |
| 2X1 HEAVY UNIT CLEAN | 165.00 |
| 2X1 TRASH OUT OF MATTRESS, GARBAGE, ITEMS LEFT | 150.00 |
| 4 DRIP PAN REPLACEMENT | 24.00 |
| INSUFFICIENT 20 DAY NOTICE | 1,385.00 |
| Total additional charges / credits / payments | 2,775.34 |

| Original Final Account balance | |
|---|---|
| Balance at move-out | 2,860.52 |
| Total Deposits | (299.00) |
| Total additional charges / credits / payments | 2,775.34 |
| Total account balance due | 5,336.86 |

| Edited Final Account balance | |
|---|---|
| Balance at move-out | 2,860.52 |
| Total Deposits | (299.00) |
| Total additional charges / credits / payments | 3,075.34 |
| Total account balance due | 5,636.86 |

| Variance due or to be refunded | |
|---|---|
| Original - balance due | 5,336.86 |
| Edited - balance due | 5,636.86 |
| Variance - account balance due | 300.00 |

| FAS Prepared | |
|---|---|
| Date | 02/01/2018 |
| User | Porter-Jackson, Mickelle |

| Pay to | |
|---|---|
| Nicholas Barnard | |

| Lease information  - Unit  B-321 | |
|---|---|
| Move-in | 03/13/2015 |
| Notice given | 02/01/2018 |
| Lease expires | 03/31/2018 |
| Move-out | 01/31/2018 |
| Move-out reason | Personal reasons/concerns |

Onesite - Final account statement : Nicholas Barnard

THIS STATEMENT IS SUBJECT TO LATER REVISIONS TO ADD OR SUBTRACT CHARGES AS NEEDED.

Your move out charges have been outlined above. Please remit payment immediately to Clocktower Apartments or call 206-361-1881 to discuss payment options. If no contact is made within thirty (30) days, this account will be turned over to collections without further notice. If this account balance if from a unit skip or eviction, then this account will be turned over to a collection agency immediately and without further notice. Thank you for your prompt attention to this matter.

Manager

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT C

COLUMBIA DEBT RECOVERY DBA GENESIS
7100 EVERGREEN WAY STE C  EVERETT, WA 98203
TOLL FREE: 866-863-9194   MONDAY-FRIDAY 8AM TO 5PM PST
MAILING ADDRESS: PO BOX 3630  EVERETT, WA 98213

JUNE 11, 2018

Account#: ████ 2782

BARNARD, NICHOLAS C

████████████████████

Original Creditor: CLOCKTOWER APARTMENTS
Placed for Collections on: 06/07/18

| | |
|---|---|
| Principal Due: | $5636.85 |
| Interest Due: | $242.77 |
| Other/misc: | $0.00 |
| Court costs: | $0.00 |
| Attorney fees: | $0.00 |
| Total Due: | $5879.62 |

Dear NICHOLAS C BARNARD

Your past due account has been referred to our office for collection. Please
remit payment in full or contact our office to make amicable arrangements.
Unless you notify this office within 30 days after receiving this notice that
you dispute the validity of this debt or any portion thereof, this office
will assume this debt is valid. If you notify this office in writing within
30 days from receiving this notice that you dispute the validity of this debt
or any portion thereof, this office will obtain verification of the debt or
a copy of a judgment and mail you a copy of such judgment or verification.
If you request this office in writing within 30 days after receiving this
notice this office will provide you with the name and address of the original
creditor if different from the current creditor.

Sincerely,
SADIK HARRIS
Account Representative
866-863-9194

This communication is from a debt collector attempting to collect a debt
and any information obtained will be used for that purpose.
Your account accrues interest at a rate of 012.00 percent per annum.

# EXHIBIT D

| | |
|---|---|
| **From:** | Collection Admin |
| **To:** | CLOCKTOWER@NICKB.USERS.PANIX.COM |
| **Subject:** | BARNARD - TAX SETTLEMENT LETTER - ■ 2782 |
| **Date:** | Wednesday, March 4, 2020 12:20:39 PM |
| **Attachments:** | BARNARD - TAX SETTLEMENT LETTER - ■ 2782.pdf |

Attached is an offer regarding your account that has been place with Genesis Credit Management.
Please call us at 866-863-9194 to discuss your account further.

## Thank you!
**Angie Linscott-Spaulding**
**Columbia Debt Recovery dba Genesis**
906 SE Everett Mall Way, Suite 301
Everett, WA 98208
Direct: (425)-669-9983
Office: (866) 863-9194 | Email  AngelaL@genesiscred.com
www.genesiscred.com



This communication is from a debt collector attempting to collect a debt.  Any information obtained will be used for that purpose.  IMPORTANT CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files, or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please immediately notify us by reply e-mail. Thank you.

BARNARD,NICHOLAS C

TAX – Account #: ███2782

Original Creditor: CLOCKTOWER APARTMENTS
Placed for collections on: 06/07/18

| | |
|---|---|
| Original Principal: | $5636.85 |
| Interest Due: | $1414.00 |
| Total Due: | $7050.85 |

## Price Reduction & Offer of Settlement

NICHOLAS C BARNARD,

Your account may qualify for a balance reduction of up to 50%. Please contact our office to take advantage of this offer and make arrangements to pay the reduced amount or set up a payment plan.

This is a time-sensitive, special offer to discount your debt and remove it from your credit, as well as restore your rental screening history! Please contact us within 30 days of the receipt of this notice.

Call us now at (888) 811-4645. Please reference your account number listed above to learn more about the available discounts on your account.

Do not delay! We are not obligated to renew any offers.

Dial (888) 811-4645.

Signed,
COLUMBIA DEBT RECOVERY

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.



This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

GENESIS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT E

| | |
|---|---|
| **From:** | Genesis Mail |
| **To:** | CLOCKTOWER@NICKB.USERS.PANIX.COM |
| **Subject:** | Genesis Exclusive Offer |
| **Date:** | Monday, March 16, 2020 11:04:26 AM |
| **Attachments:** | image001.png |
| | image002.png |

**NICHOLAS C BARNARD**

████████████████

TAX – Account #: ██ 2782

Original Creditor: CLOCKTOWER APARTMENTS

Placed for collections on: 6/7/2018

| | |
|---|---|
| Original Principal: | $5,636.85 |
| Interest Due: | $1,406.59 |
| Total Due: | $7,043.44 |

## Price Reduction & Offer of Settlement

NICHOLAS C BARNARD,

Your account may qualify for a balance reduction of up to 50%. Please contact our office to take advantage of this offer and make arrangements to pay the reduced amount or set up a payment plan.

This is a time-sensitive, special offer to discount your debt and remove it from your credit, as well as restore your rental screening history! Please contact us within 30 days of the receipt of this notice.

Call us now at (866) 863-9194. Please reference your account number listed above to learn more about the available discounts on your account.

Do not delay! We are not obligated to renew any offers.

Dial (866) 863-9194.

Signed,

COLUMBIA DEBT RECOVERY

Notice:

To remove your email from the contact list,

click Unsubscribe and reply "Stop".

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# EXHIBIT F

**From:** Genesis Mail
**To:** CLOCKTOWER@NICKB.USERS.PANIX.COM
**Subject:** Genesis Exclusive Offer
**Date:** Monday, March 30, 2020 11:28:30 AM
**Attachments:** image001.png
image002.png

NICHOLAS C BARNARD

TAX – Account #: ██2782

Original Creditor: CLOCKTOWER APARTMENTS

Placed for collections on: 6/7/2018

Original Principal:     $5,636.85
Interest Due:     $1,406.59
Total Due:     $7,043.44

## Price Reduction & Offer of Settlement

NICHOLAS C BARNARD,

Your account may qualify for a balance reduction of up to 50%.  Please contact our office to take advantage of this offer and make arrangements to pay the reduced amount or set up a payment plan.

This is a time-sensitive, special offer to discount your debt and remove it from your credit, as well as restore your rental screening history! Please contact us within 30 days of the receipt of this notice.

Call us now at (866) 863-9194. Please reference your account number listed above to learn more about the available discounts on your account.

Do not delay! We are not obligated to renew any offers.

Dial (866) 863-9194.

Signed,

COLUMBIA DEBT RECOVERY

Notice:

To remove your email from the contact list,

click Unsubscribe and reply "Stop".

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT G

**From:** Genesis Mail
**To:** CLOCKTOWER@NICKB.USERS.PANIX.COM
**Subject:** Genesis Exclusive Offer
**Date:** Monday, April 13, 2020 9:33:52 AM
**Attachments:** image001.png
image002.png

NICHOLAS C BARNARD

TAX – Account #: ▇2782

Original Creditor: CLOCKTOWER APARTMENTS

Placed for collections on: 6/7/2018

| | |
|---|---|
| Original Principal: | $5,636.85 |
| Interest Due: | $1,406.59 |
| Total Due: | $7,043.44 |

## Price Reduction & Offer of Settlement

NICHOLAS C BARNARD,

Your account may qualify for a balance reduction of up to 50%. Please contact our office to take advantage of this offer and make arrangements to pay the reduced amount or set up a payment plan.

This is a time-sensitive, special offer to discount your debt and remove it from your credit, as well as restore your rental screening history! Please contact us within 30 days of the receipt of this notice.

Call us now at (866) 863-9194. Please reference your account number listed above to learn more about the available discounts on your account.

Do not delay! We are not obligated to renew any offers.

Dial (866) 863-9194.

Signed,

COLUMBIA DEBT RECOVERY

Notice:

To remove your email from the contact list,

click Unsubscribe and reply "Stop".

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.